United States District Court
District of Massachusetts

04 11103 NG

LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONELLY, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRAIN HAWKESWORTH, BEAUFORD HUNT, ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH, SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK )
)
)
)
)
)
)
)
)
)
)
)
v.   )
)
NSTAR ELECTRIC & GAS )
CORPORATION )
)

MAGISTRATE JUDGE _____

Civil Action No. 56168

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 5/25/04

## COMPLAINT

This is an action by former employees of NStar Electric & Gas Corporation (herein NStar) and its predecessors, Commonwealth Gas Company and Commonwealth Electric Company (the Commonwealth companies) for relief from NStar's breach of agreements by the Commonwealth companies to provide dental insurance coverage for their lives and for twelve months thereafter for their spouses and eligible dependents. The agreement by the Commonwealth companies to provide lifetime dental insurance coverage was part of a package of benefits offered to induce the plantiffs to take an early retirement The early retirements benefited the companies by reducing their employment costs.

### The Court's Jurisdiction

1. The Court's jurisdiction is based on section 502 of the Employee Retirement

1

Income Security Act (ERISA), 29 U.S.C. section 1132.

## The Parties

2. The plaintiffs are residents of various cities and towns in eastern Massachusetts and former employees of Commonwealth Gas Company or Commonwealth Electric Company. They were employed by those companies until they accepted proposals for early retirement in 1997 or 1999. The plaintiffs were not represented by any labor organization at the time of their retirements.

3. NStar Electric & Gas Corporation is a corporation with its principal office in Westwood, Massachusetts and an employer within the meaning of ERISA. Through its wholly owned subsidiaries it is engaged in the sale and distribution of electricity and natural gas. Its subsidiaries include Commonwealth Electric Company and Commonwealth Gas Company, which are also employers within the meaning of ERISA

## The 1997 and 1999 Voluntary Personnel Reduction Programs

4. In 1997 the Commonwealth Gas and Electric Companies offered their eligible employees a voluntary early retirement incentive program for the purpose of reducing their workforces because of a decision to consolidate management and "regulatory challenges facing gas and electric utilities in Massachusetts and across the country." Eligible employees were required to resign and to execute a release of claims against the companies. As an inducement to retire they were offered two and one-half weeks of pay for each of the first ten full years of service and two weeks of pay for each additional full year of service up to a maximum of one and one-half times their annual rate of pay or 78 weeks of pay. As a further inducement to retire they were also offered continuation of certain insurance benefits. The announcement included the following paragraph:

    3) Employees who were at least age forty (40) and had completed at least twelve(12) full years of System service as of January 1, 1993 and currently meet the "Rule of 75" [a reference to combined age and years of service] will be entitled to medical and dental insurance coverage provided they pay ten percent (10%) of the current medical and dental premium until age sixty-two (62). At age 62 the Company will pay 100% of the premium.

Each employee who expresses interest in the early retirement program was provided a personalized list of his or her pension and other benefits under the program, including the following paragraph as to dental insurance:

### B. Dental Insurance

Sine you were age 40 and had 12 or more years of employment as of January 1, 1993, you will be covered by the Company sponsored dental plan at your Actual Retirement Date.

You will pay 10% of the current premium (the premium in effect as of the first of the year in which you retire) from age 55 to age 62. When you reach age 62, the Company will pay the entire premium.

Coverage for your spouse and/or any eligible dependent(s) will be provided.

Your dental coverage will be for your life. Your spouse and/or eligible dependents will be covered for 12 months after your death. At the end of 12 months, your spouse and/or eligible dependents will be offered continuation of coverage through COBRA.

Plaintiffs Balestracci, Carr, Comeau, Hunt, Quinton, Socha and Whitlock qualified for and accepted the 1997 voluntary early retirement program, executed agreements for confidentiality, non-competition and a release of claims. They retired at various dates in 1997 or 1998 established by agreement with their employer.

    5. In 1999 Commonwealth Gas and Electric companies offered their eligible employees a substantially similar voluntary retirement incentive program that was also intended to further reduce its workforce and employment expense. Employees who expressed an interest in the program were provided a personalized list of his or her

retirement benefits under the program that included the following statement as to dental benefits:

> **B. Dental Insurance**
>
> Since you were age 40 and had 12 or more years of employment as of January 1, 1993, and met the "Rule of 75" at termination of employment, you will be entitled to dental insurance providing you pay ten percent (10%) of the current dental premium (the premium in effect as of the first of the year in which you terminate) from termination date to age 62. When you reach age 62, the Company will pay the entire premium.
>
> Your dental insurance will be for your life time. Your spouse and/or eligible dependents will be covered for 12 months after your death. At the end of the 12 months, your spouse and/or eligible dependents will be offered continuation of coverage through COBRA.

The employees who accepted the program executed retirement agreements that included provision for confidentiality and non-competition, and a release of claims. Plaintiffs Bonville, Connelly, Dearn, Eldredge, Fletcher, Hawkesworth, Lawrence, Lopes, Mann, Meyn, Nickerson, Owens, Rene and Watts took early retirement under the 1999 program and retired at various dates in 1999 or 2000 by agreement with their employer.

<u>NStar Announces Cancellation of Dental Insurance<br>for Plaintiffs at Age 65</u>

6. In about December 2002 NStar notified the plaintiffs and other retired employees formerly employed by Commonwealth Gas and Electric Companies that they would be enrolled in a new dental plan effective April 1, 2003 and that their coverage would end on the first day of the month in which they turn age 65.

**Count I (Violation of Retiree Insurance Plan)**

7. The allegations of paragraphs 1-6 are incorporated by reference in this Count. The provisions of the 1997 and 1999 voluntary early retirement programs are "employee

4

welfare benefit plans" under the provisions of ERISA, 29 U.S.C., § 1002(1). The action of NStar in announcing cancellation of the promised lifetime dental benefits when the plaintiffs reached age 65 was a breach of the agreements between them and Commonwealth Gas and Electric Companies when they accepted the voluntary early retirement programs.

### Count II (Equitable and/or Promissory Estoppel)

8. The allegations of paragraphs 1-6 are incorporated by reference in this Count. The representations made by the Commonwealth Gas and Electric Companies to the plaintiffs that they would continue to have dental coverage for their lifetimes were relied on by the plaintiffs in making their decisions to retire, and NStar is estopped from asserting that those benefits may be cancelled.

### Count III (Breach of Fiduciary Responsibility)

9. The allegations of paragraphs 1-6 are incorporated by reference in this Count. The officers and representatives of NStar and the Commonwealth Gas and Electric Companies have fiduciary responsibilities under ERISA, including an obligation not to misrepresent or mislead participants, and they promised the plaintiffs that if they took early retirement they would have dental insurance for their lifetimes. By giving these assurances and by reneging on them they violated their fiduciary responsibilities under ERISA.

### Prayers for Relief

WHEREFORE, the plaintiffs pray:

1. That the Court order the defendant to restore the lifetime dental insurance benefits that were promised to the plaintiffs, their spouses and eligible dependents.

2. For the damages they sustained by reason of the defendant's violations of the plans and agreements and/or their breach of fiduciary responsibilities.

3. For their costs and attorneys fees.

4. For such other and further relief as the Court may deem proper and just.

### Claim for Jury Trial

Plaintiffs claim a trial by jury on all issues triable by a jury.

Respectfully Submitted,

LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONELLY, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRAIN HAWKESWORTH, BEAUFORD HUNT, ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK

By their attorneys,

_____
Warren H. Pyle, BBO #408400
Pyle, Rome, Lichten, Ehrenberg,
& Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated: May 25, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Louis Balestracci et al. v NSTAR Electric & Gas Company__

FILED IN CLERK'S OFFICE
2004 MAY 25 P 3:17
U.S. DISTRICT COURT
DISTRICT OF MASS.

04 11103 NG

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)     NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)     CENTRAL DIVISION     WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Warren H. Pyle__
ADDRESS __Pyle, Rome, Lichten & Ehrenberg, P.C., 18 Tremont St., Suite 500, Boston, MA 02108__
TELEPHONE NO. __(617) 367-7200__

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Balestracci, Louis; Bonville, Jean; Carr, Andrew; Comeau, Robert; Connelly, Leo; Dearn, Thomas; Eldredge, Richard; et al.
(SEE COMPLAINT)

## DEFENDANTS
NSTAR Electric & Gas Company

FILED IN CLERK'S OFFICE
2004 MAY 25 P 3:17
DISTRICT OF MASS.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Warren H. Pyle
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont St., Suite 500, Boston, MA 02108
(617) 367-7200

ATTORNEYS (IF KNOWN)
Keith Muntyan
Morgan, Brown & Joy, LLP
One Boston Place, Boston, MA 02108
(617) 523-6666

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: Harrington
DOCKET NUMBER: 03-10530-EFH

DATE: May 25, 2004
SIGNATURE OF ATTORNEY OF RECORD: [signature] Warren H. Pyle

04CV-10160-EFH

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____