United States District Court
District of Massachusetts

| | |
|---|---|
| LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONNELLY, JR., JOHN H. CORCORAN, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRIAN HAWKESWORTH, BEAUFORD HUNT ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK<br>            Plaintiffs<br>v.<br><br>NSTAR ELECTRIC & GAS CORPORATION<br>            Defendant | Civil Action No. 04-CV-11103-EFH |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
(Including John H. Corcoran, Jr. as a Plaintiff)

This is an action by former employees of NStar Electric & Gas Corporation (herein NStar) and its predecessors, Commonwealth Gas Company and Commonwealth Electric Company (the Commonwealth companies) for relief from NStar's breach of agreements by the Commonwealth companies to provide dental insurance coverage for their lives and for twelve months thereafter for their spouses and eligible dependents. The agreement by the Commonwealth companies to provide lifetime dental insurance coverage was part of a package of benefits offered to induce the plaintiffs to take an early retirement The early retirements benefited the companies by reducing their employment costs.

The Court's Jurisdiction

1. The Court's jurisdiction is based on section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. section 1132.

The Parties

2. The plaintiffs are residents of various cities and towns in eastern Massachusetts and former employees of Commonwealth Gas Company or Commonwealth Electric Company. They were employed by those companies until they accepted proposals for early retirement in 1997 or 1999. The plaintiffs were not represented by any labor organization at the time of their retirements.

3. NStar Electric & Gas Corporation is a corporation with its principal office in Westwood, Massachusetts and an employer within the meaning of ERISA. Through its wholly owned subsidiaries it is engaged in the sale and distribution of electricity and natural gas. Its subsidiaries include Commonwealth Electric Company and Commonwealth Gas Company, which are also employers within the meaning of ERISA

The 1997 and 1999 Voluntary Personnel Reduction Programs

4. In 1997 the Commonwealth Gas and Electric Companies offered their eligible employees a voluntary early retirement incentive program for the purpose of reducing their workforces because of a decision to consolidate management and "regulatory challenges facing gas and electric utilities in Massachusetts and across the country." Eligible employees were required to resign and to execute a release of claims against the companies. As an inducement to retire they were offered two and one-half weeks of pay for each of the first ten full years of service and two weeks of pay for each additional full year of service up to a maximum of one and one-half times their annual rate of pay or 78

weeks of pay. As a further inducement to retire they were also offered continuation of certain insurance benefits. The announcement included the following paragraph:

> 3) Employees who were at least age forty (40) and had completed at least twelve(12) full years of System service as of January 1, 1993 and currently meet the "Rule of 75" [a reference to combined age and years of service] will be entitled to medical and dental insurance coverage provided they pay ten percent (10%) of the current medical and dental premium until age sixty-two (62). At age 62 the Company will pay 100% of the premium.

Each employee who expresses interest in the early retirement program was provided a personalized list of his or her pension and other benefits under the program, including the following paragraph as to dental insurance:

> **B. Dental Insurance**
>
> Since you were age 40 and had 12 or more years of employment as of January 1, 1993, you will be covered by the Company sponsored dental plan at your Actual Retirement Date.
>
> You will pay 10% of the current premium (the premium in effect as of the first of the year in which you retire) from age 55 to age 62. When you reach age 62, the Company will pay the entire premium.
>
> Coverage for your spouse and/or any eligible dependent(s) will be provided.
>
> Your dental coverage will be for your life. Your spouse and/or eligible dependents will be covered for 12 months after your death. At the end of 12 months, your spouse and/or eligible dependents will be offered continuation of coverage through COBRA.

Plaintiffs Balestracci, Carr, Comeau, Hunt, Quinton, Socha and Whitlock qualified for and accepted the 1997 voluntary early retirement program, executed agreements for confidentiality, non-competition and a release of claims. They retired at various dates in 1997 or 1998 established by agreement with their employer.

5. In 1999 Commonwealth Gas and Electric companies offered their eligible employees a substantially similar voluntary retirement incentive program that was also

intended to further reduce its workforce and employment expense. Employees who expressed an interest in the program were provided a personalized list of his or her retirement benefits under the program that included the following statement as to dental benefits:

> **B. Dental Insurance**
>
> Since you were age 40 and had 12 or more years of employment as of January 1, 1993, and met the "Rule of 75" at termination of employment, you will be entitled to dental insurance providing you pay ten percent (10%) of the current dental premium (the premium in effect as of the first of the year in which you terminate) from termination date to age 62. When you reach age 62, the Company will pay the entire premium.
>
> Your dental insurance will be for your life time. Your spouse and/or eligible dependents will be covered for 12 months after your death. At the end of the 12 months, your spouse and/or eligible dependents will be offered continuation of coverage through COBRA.

The employees who accepted the program executed retirement agreements that included provision for confidentiality and non-competition, and a release of claims. Plaintiffs Bonville, Connelly, Dearn, Eldredge, Fletcher, Hawkesworth, Lawrence, Lopes, Mann, Meyn, Nickerson, Owens, Rene and Watts took early retirement under the 1999 program and retired at various dates in 1999 or 2000 by agreement with their employer.

<u>NStar Announces Cancellation of Dental Insurance<br>for Plaintiffs at Age 65</u>

6. In about December 2002 NStar notified the plaintiffs and other retired employees formerly employed by Commonwealth Gas and Electric Companies that they would be enrolled in a new dental plan effective April 1, 2003 and that their coverage would end on the first day of the month in which they turn age 65.

4

### Count I (Violation of Retiree Insurance Plan)

7. The allegations of paragraphs 1-6 are incorporated by reference in this Count. The provisions of the 1997 and 1999 voluntary early retirement programs are "employee welfare benefit plans" under the provisions of ERISA, 29 U.S.C., § 1002(1). The action of NStar in announcing cancellation of the promised lifetime dental benefits when the plaintiffs reached age 65 was a breach of the agreements between them and Commonwealth Gas and Electric Companies when they accepted the voluntary early retirement programs.

### Count II (Equitable and/or Promissory Estoppel)

8. The allegations of paragraphs 1-6 are incorporated by reference in this Count. The representations made by the Commonwealth Gas and Electric Companies to the plaintiffs that they would continue to have dental coverage for their lifetimes were relied on by the plaintiffs in making their decisions to retire, and NStar is estopped from asserting that those benefits may be cancelled.

### Count III (Breach of Fiduciary Responsibility)

9. The allegations of paragraphs 1-6 are incorporated by reference in this Count. The officers and representatives of NStar and the Commonwealth Gas and Electric Companies have fiduciary responsibilities under ERISA, including an obligation not to misrepresent or mislead participants, and they promised the plaintiffs that if they took early retirement they would have dental insurance for their lifetimes. By giving these assurances and by reneging on them they violated their fiduciary responsibilities under ERISA.

## Prayers for Relief

WHEREFORE, the plaintiffs pray:

1. That the Court order the defendant to restore the lifetime dental insurance benefits that were promised to the plaintiffs, their spouses and eligible dependents.

2. For the damages they sustained by reason of the defendant's violations of the plans and agreements and/or their breach of fiduciary responsibilities.

3. For their costs and attorneys fees.

4. For such other and further relief as the Court may deem proper and just.

## Claim for Jury Trial

Plaintiffs claim a trial by jury on all issues triable by a jury.

Respectfully Submitted,

LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONNELLY, JR., JOHN H. CORCORAN, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRIAN HAWKESWORTH, BEAUFORD HUNT, ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK

By their attorneys,

s/Warren H. Pyle
Warren H. Pyle, BBO #408400
Pyle, Rome, Lichten, Ehrenberg,
    & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated: August 30, 2004

<u>Certificate of Service</u>

I certify that on August 30, 2004, I caused a true copy of this document to be served by first class mail to defendant's attorney.

s/Warren H. Pyle<br>Warren H. Pyle, Esq. (BBO #408400)