UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*******************************************
LOUIS BALESTRACCI, JEAN                    *
BONVILLE, ANDREW CARR, ROBERT              *
COMEAU, LEO CONELLY, JR.,                  *
THOMAS DEARN, RICHARD                      *
ELDREDGE, RICHARD FLETCHER,                *
BRIAN HAWKESWORTH, BEAUFORD                *
HUNT, ROBERT LAWRENCE, JOSEPH              *
LOPES, DAVID MANN, GARY MEYN,              *
RUSSELL NICKERSON, DIANE                   *
OWENS, ERNEST QUINTIN, DONNA               *   Civil Action No. 04-11103-EFH
RENE, JOSEPH SOCHA, STEPHEN                *
WATTS, and DUNSTAN WHITLOCK,               *
                                           *
      Plaintiffs,                          *
                                           *
             v.                            *
                                           *
NSTAR ELECTRIC & GAS CORPORATION,          *
                                           *
      Defendant                            *
*******************************************
```

## SUPPELEMENT TO PARTIES' JOINT STATEMENT

Pursuant to this Court's order entered on September 2, 2004 the Plaintiffs Louis Balestracci, et al., and Defendant NSTAR Electric and Gas Corporation ("NSTAR") submitted a Joint Statement dated October 6, 2004, in anticipation of the Scheduling Conference set for October 21, 2004. Subsequent to the submission of the Joint Statement, an issue has arisen which NSTAR intends to raise before the Court at the October 21st conference. A brief discussion of this issue follows:

1. On or about October 4, 2004, Plaintiffs served an interrogatory answer in this matter, and in the related case of <u>Senior, et al. v. NSTAR Electric and Gas Corporation, et al.</u>, Civil Action No. 04-10160-EFH. This answer identified Carol Chandor as an expert witness. As understood by

NSTAR, Plaintiffs intend for Ms. Chandor to provide expert testimony in support of Plaintiffs' claims of liability in both this action and in <u>Senior</u>; she will not testify regarding Plaintiffs' alleged damages.

2.  Upon receipt of the interrogatory answer, NSTAR's counsel inquired when Plaintiffs intended to submit an expert report under Fed. R. Civ. P. 26(a)(2)(B). After the submission of the Joint Statement, counsel for Plaintiffs has taken the position that no expert report is required until 90 days before trial.

3.  NSTAR respectfully disagrees with Plaintiffs' position. Under Fed. R. Civ. P. 26(a)(2)(C), "[expert] disclosures shall be made at the times and in the sequence directed by the court." NSTAR submits that Ms. Chandor should be required to submit an expert report under Fed. R. Civ. P. 26(a)(2)(B), sufficiently before the close of discovery (currently set for November 15, 2004) such that NSTAR can conduct an expert deposition, and designate its own expert (who would produce a report to respond to Ms. Chandor's report).

4.  Providing an expert report before the close of discovery is particularly important in this matter, where Ms. Chandor purports to provide testimony on liability issues.

5.  Accordingly, the discovery schedule should be modified to provide that before the close of discovery, expert reports will be provided under Fed. R. Civ. P. 26(a)(2)(B), and that expert reports responding to an expert report will be provided within thirty (30) days thereafter. The agreed upon deadlines for discovery and summary judgment motions will have to be adjusted to allow for such discovery.

        Respectfully submitted,

        NSTAR ELECTRIC AND GAS CORPORATION

        By its Attorneys,

        MORGAN, BROWN & JOY, LLP
        One Boston Place
        Boston, MA  02108-4472
        (617) 523-6666

        By:    s/Robert P. Morris
                  Keith B. Muntyan
                  B.B.O. No. 361380
                  Robert P. Morris
                  B.B.O. No. 546052

Dated:   October 20, 2004