United States District Court
District of Massachusetts

```
_____
LOUIS BALESTRACCI, JEAN            )
BONVILLE, ANDREW CARR, ROBERT      )
COMEAU, LEO CONNELLY, JR.,         )
JOHN H. CORCORAN, JR., THOMAS      )
DEARN, RICHARD ELDREDGE,           )
RICHARD FLETCHER, BRIAN            )
HAWKESWORTH, BEAUFORD HUNT         )
ROBERT LAWRENCE, JOSEPH LOPES,     )
DAVID MANN, GARY MEYN,             )   Civil Action No. 04-CV-11103-EFH
RUSSELL NICKERSON, DIANE           )
OWENS, ERNEST QUINTIN, DONNA       )
RENE, JOSEPH SOCHA, STEPHEN        )
WATTS, and DUNSTAN WHITLOCK        )
            Plaintiffs             )
v.                                 )
                                   )
NSTAR ELECTRIC & GAS               )
CORPORATION                        )
            Defendant              )
_____
```

**PLAINTIFFS' FURTHER MOTION TO AMEND COMPLAINT
AND INCORPORATE MEMORANDUM**

Plaintiffs Louis Balestracci, et als. move to further amend their complaint (1) by inserting the name "Corcoran" after the names "Bonville, Connelly" in paragraph 5 of the amended complaint, (2) by changing paragraph 1 to read as follows: "1. The Court's jurisdiction is based on section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 and on the doctrine of pendent jurisdiction," and (3) by adding the following count after paragraph 9 of the amended complaint:

**Count IV (State Law Claims)**

10. The retiree health and dental insurance provisions of the 1997 and 1999 voluntary retirement incentive programs are enforceable agreements under state law. (A) The reduction in benefits on and after April 1 2003 violated those agreements. (B)

Plaintiffs relied on the promise of lifetime dental benefits in accepting Commonwealth Gas' offer, executing a release of claims and retiring. Defendant is estopped from eliminating the lifetime dental benefits promised in those programs.

Argument in Support of Motion

The first request, inserting the name of one of the plaintiffs in paragraph 5 simply corrects an inadvertent omission. Defendants have advised that they do not oppose this request.

The second and third requests are to add a state law count, based on the same facts as the first three counts, which are based on the Employee Retirement Income Security Act (ERISA). While plaintiffs believe that their claims are governed by ERISA, there is a decision of the Court of Appeals, O'Connor v. Commonwealth Gas Company, 251 F3d 262 (1 Cir. 2001) which held that one aspect of the 1997 Personnel Reduction Program (Amended Complaint, paragraph 4) is not an ERISA plan. Therefore, in order to dispose of all claims arising out of the facts in the complaint, plaintiffs wish to add the requested complaint based on state law.

Certificate

I certify that I have discussed the foregoing motion with counsel for the defendants in an effort to resolve the underlying issues.

                        Respectfully Submitted,

                        LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONNELLY, JR., JOHN H. CORCORAN, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRIAN HAWKESWORTH, BEAUFORD HUNT, ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK

                        By their attorneys,

                          /s/ Warren H. Pyle
                        Warren H. Pyle, BBO #408400
                        Pyle, Rome, Lichten, Ehrenberg,
                           & Liss-Riordan, P.C.
                        18 Tremont Street, Suite 500
                        Boston, MA 02108

Dated: February 28, 2005       (617) 367-7200

### Certificate of Service

I certify that on February 28, 2005, I caused a true copy of this document to be served by first class mail to defendant's attorney.

                        /s/ Warren H. Pyle
                        Warren H. Pyle, Esq. (BBO #408400)