UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
LOUIS BALESTRACCI, JEAN             *
BONVILLE, ANDREW CARR, ROBERT       *
COMEAU, LEO CONELLY, JR., JOHN      *
CORCORAN, JR., THOMAS DEARN,        *
RICHARD ELDREDGE, RICHARD           *
FLETCHER, BRIAN HAWKESWORTH,        *
BEAUFORD HUNT, ROBERT LAWRENCE,     *
JOSEPH LOPES, DAVID MANN, GARY      *
MEYN, RUSSELL NICKERSON, DIANE      *
OWENS, ERNEST QUINTIN, DONNA        *   Civil Action No. 04-11103-EFH
RENE, JOSEPH SOCHA, STEPHEN         *
WATTS, and DUNSTAN WHITLOCK,        *
                                    *
    Plaintiffs,                     *
                                    *
        v.                          *
                                    *
NSTAR ELECTRIC & GAS CORPORATION,   *
                                    *
    Defendant                       *
*********************************************

### STATEMENT OF UNDISPUTED, MATERIAL FACTS SUBMITTED BY NSTAR ELECTRIC AND GAS CORPORATION PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, Defendant NSTAR Electric and Gas Corporation ("NSTAR") submits its Statement of Undisputed, Material Facts in Support of its Renewed Motion to Dismiss, and Motion for Summary Judgment:

**A.    Parties**

1.    NSTAR is an energy delivery company serving approximately 1.3 million customers in 80 Massachusetts cities and towns from Worcester to Provincetown.[1] Following the 1999 merger of BEC Energy, the parent company of Boston Edison Company ("Boston Edison"), with

---

[1] All facts set forth herein are assumed to be true *for purposes of this motion only*.

Commonwealth Energy, the parent company of Commonwealth Electric Company ("Commonwealth Electric"), Commonwealth Gas Company ("Commonwealth Gas") and Cambridge Electric Company, NSTAR became the merged entity's operating company and the employer of BEC Energy and Commonwealth Energy employees. (Amended Complaint and Demand for Jury Trial, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-19530-EFH, par. 3, Exh. 1 to Appendix to Motion for Summary Judgment of Defendant NSTAR Electric and Gas Corporation ("NSTAR Appendix");[2] Answer and Affirmative Defenses of Defendant NSTAR Electric and Gas Corporation to Amended Complaint and Demand for Jury Trial, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-10530-EFH, par. 3, Exh. 2 to NSTAR Appendix; Plaintiffs' First Amended Complaint ("Complaint"), par. 3, Exh. 3 to NSTAR Appendix; Answer to Plaintiffs' First Amended Complaint ("Answer"), par. 3, Exh. 4 to NSTAR Appendix).

2. The Plaintiffs to this action are Louis Balestracci, Jean Bonville, Andrew Carr, Robert Comeau, Leo Connelly, Jr., John H. Corcoran, Jr., Thomas Dearn, Richard Eldredge, Richard Fletcher, Brian Hawkesworth, Beauford Hunt, Robert Lawrence, Joseph Lopes, David Mann, Gary Meyn, Russell Nickerson, Diane Owens, Ernest Quintin, Donna Rene, Joseph Socha, Stephen Watts and Dunstan Whitlock. All these persons retired from Commonwealth Electric, Commonwealth Gas or from NSTAR; none were represented by a labor organization upon retirement. (See Complaint, par. 2, Exh. 3 to NSTAR Appendix; Answer, par. 2, Exh. 3 to NSTAR Appendix).

3. The 22 Plaintiffs all retired under voluntary retirement incentive programs offered

---

[2]Copies of all documents referred to herein are included in the NSTAR Appendix, submitted herewith. In accordance with Local Rule 5.3, documents containing the "personal data identifiers" set forth therein have been redacted to exclude such information.

by their employers in 1997 or 1999. (Complaint, pars. 2, 4, 5, Exh. 3 to NSTAR Appendix; Answer, pars. 2, 4, 5, Exh. 3 to NSTAR Appendix).

4.    The following Plaintiffs retired in 1997 or 1998, pursuant to the 1997 Personnel Reduction Program, discussed infra:

a)    Louis Balestracci (born 1943, hire date, June 20, 1966, retirement effective September 1, 1998. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 40 to NSTAR Appendix);

b)    Andrew Carr (born 1947, hire date, June 10, 1967, retirement effective December 31, 1997. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 41 to NSTAR Appendix);

c)    Robert Comeau (born 1940, hire date, May 22, 1963, retirement effective June 1, 1997. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 42 to NSTAR Appendix);

d)    Beauford Hunt (born 1942, hire date, August 20, 1962. See retirement effective October 1, 1997, Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 43 to NSTAR Appendix);

e)    Ernest Quintin (born 1944, hire date September 5, 1967, retirement effective April 1, 1999. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 44 to NSTAR Appendix);

f)    Joseph Socha (born 1938, hire date, April 24, 1957, retirement effective August 1, 1997. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 45 to NSTAR Appendix); and

g)   Dunstan Whitlock (born 1941, hire date, September 13, 1965, retirement effective August 1, 1997. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date, Exh. 46 to NSTAR Appendix).

5.   The following Plaintiffs retired in 1999 or 2000, pursuant to the 1999 Voluntary Separation Program ("VSP"), discussed infra:

a)   Jean Bonville (born 1948, hire date August 1, 1966, retirement effective February 25, 2000. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 47 to NSTAR Appendix);

b)   Leo Connelly, Jr. (born 1946, hire date December 5, 1967, retirement effective March 31, 2000. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 48 to NSTAR Appendix);

c)   John H. Corcoran, Jr., (born 1947, hire date September 22, 1969, retirement effective December 31, 1999. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 49 to NSTAR Appendix);

d)   Thomas Dearn (born 1947, hire date October 31, 1967, retirement effective March 31, 2000. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 50 to NSTAR Appendix);

e)   Richard Eldredge (born 1947, hire date, January 18, 1971, retirement effective December 30, 1999. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 51 to NSTAR Appendix);

f)   Richard Fletcher (born 1946, hire date January 13, 1969, retirement effective February 25, 2000. See Commonwealth Energy System and Subsidiary Companies, Information Relative to

Employee Benefits Upon Termination of Employment, Exh. 52 to NSTAR Appendix);

g) Brian Hawkesworth (born 1948, hire date, January 26, 1970, retirement effective October 1, 1999. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 53 to NSTAR Appendix);

h) Robert Lawrence (born 1948, hire date, January 24, 1972, retirement effective February 1, 2000. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 54 to NSTAR Appendix);

i) Joseph Lopes (born 1950, hire date, February 10, 1972, retirement effective June 30, 2000. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 55 to NSTAR Appendix);

j) David Mann (born 1947, hire date, March 31, 1971, retirement effective September 30, 1999. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 56 to NSTAR Appendix);

k) Gary Meyn (born 1948, hire date, September 7, 1971, retirement effective December 1, 1999. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 57 to NSTAR Appendix);

l) Russell Nickerson (born 1946, hire date, January 23, 1968, retirement effective January 23, 2000. See NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 58 to NSTAR Appendix);

m) Diane Owens (born 1941, hire date July 13, 1979, retirement effective December 1, 1999. See Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 59 to NSTAR Appendix);

n)  Donna Rene (born 1950, hire date, June 8, 1970, retirement effective June 30, 2000. <u>See</u> NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 60 to NSTAR Appendix); and

p)  Stephen Watts (born 1949, hire date, March 1, 1972; retirement effective February 25, 2000. <u>See</u> NSTAR, Information Relative to Employee Benefits Upon Termination of Employment, Exh. 61 to NSTAR Appendix).

**B.   <u>Changes to Retiree Health Plans, Effective April 1, 2003</u>**

6.  NSTAR, Boston Edison and Commonwealth Energy have maintained health benefit plans for retirees for many years. Prior to April 1, 2003, NSTAR maintained multiple plans for retirees of Boston Edison and Commonwealth Energy. Effective April 1, 2003, these plans were consolidated. (4/3/03 Affidavit of Bernard B. Peloquin, <u>Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp.</u>, Civil Action No. 03-10530-EFH ("4/3/03 Peloquin Affidavit"), par. 3, Exh. 29 to NSTAR Appendix).

7.  Effective April 1, 2003, NSTAR instituted a series of changes to its retiree health plans covering both union and management retirees. NSTAR communicated the highlights of these changes to retirees in December 2002. (Letters of Bernard B. Peloquin to Retiree, December 2002, Exh. J. to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix). Complete details of the changes were forwarded in January 2003. (4/3/03 Peloquin Affidavit, par. 9, Exh. 29 to NSTAR Appendix).

8.  The changes implemented on April 1, 2003 had two principal purposes: (1) to develop a more moderate approach to controlling costs while continuing to provide a substantial level of benefits for retirees; and (2) to standardize the health plans for retirees of Boston Edison and

6

Commonwealth Energy, and to align retiree medical plans with those offered to current employees. (4/3/03 Peloquin Affidavit, par. 9, Exh. 29 to NSTAR Appendix).

9. Boston Edison retirees never received post-65 retiree dental coverage, while Commonwealth Energy retirees did receive this benefit. Effective April 1, 2003, dental coverage for all retirees ceased once they turned age 65. However, between April 1, 2003 and the date they reach age 65, retirees of Commonwealth Energy received an increase of $600 annually ($1200 to $1800) in the maximum coverage provided. Other changes included a new $25 deductible, a change in coverage for restorative work, and an increase in the amount of orthodontic services covered annually. As for retirees of Commonwealth Energy who were age 65 and older as of April 1, 2003, they have continued to receive dental benefits in the same form provided before that date. (4/3/03 Peloquin Affidavit, par. 18, and Exh. K thereto, Exh. 29 to NSTAR Appendix).

C.  **Pertinent Provisions Of Health Insurance Plans And Related Documents**

i)  **Plan Provisions -Background**

10. Commonwealth Energy never placed vesting provisions concerning health insurance in any Company documents. (Deposition of Douglas Miller, Volume II, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-19530-EFH, 166-167 ("Miller Dep. II"), Exh. 37 to NSTAR Appendix).

11. Effective January 1, 1993, Commonwealth Energy established "the Commonwealth Energy System and Subsidiary Companies Post Retirement Benefit Program" for "Group I" and "Group II." These programs (contained in separate documents) provided (at Article 8.02, at 16) that "[i]t is the expectation of the Company that the Program set forth herein and the payment of contribution hereunder will be continued indefinitely, but the continuation of the Program is not

7

assumed as a contractual obligation of the Company, and the right is reserved at anytime to suspend or discontinue contributions hereunder. Subject to the provisions of Section 8.03 of Part I thereof, the Company, through the Plan Administrator, may terminate the Program or discontinue Benefits hereunder at anytime upon written notice to the affected Trustee and/or Insurer." (See Exhs. A and B to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix). Groups I and II referred to programs for union and management. (Deposition of Douglas Miller, Volume I, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-10530-EFH ("Miller Dep. I"), 83, Exh. 36 to NSTAR Appendix).

12.   The Post Retirement Benefit Program was established "for the purpose of establishing a voluntary employees' beneficiary association under Section 501(c)(9) of the Internal Revenue Code to provide eligible employees and their dependents and designated beneficiaries with certain life, accident, medical and dental benefits and such other benefits as the Plan Administrator, on behalf of the Company, may from time to time determine to provide under the Program." (Exh. A to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix). This program was intended to fund the Company's future obligations in this area. (Miller Dep. I, 77-78, Exh. 36 to NSTAR Appendix).

ii.   **Plan Summaries And Descriptions**

13.   For many years, Commonwealth Energy and its predecessors provided employees and retirees with a booklet describing their health insurance benefits. (Deposition of Donald Gifford, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-19530-EFH, 55-56, Exh. 33 to NSTAR Appendix; Deposition of Robert Healey, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-19530-EFH, 56-57, Exh. 35 to NSTAR Appendix; Deposition of Elizabeth Hayes, Utility Workers, Local 369, et al. v. NSTAR

Electric and Gas Corp., Civil Action No. 03-19530-EFH, 24-27, Exh. 34 to NSTAR Appendix).

14. Thus, in August 1976, NEGEA Service Corporation of New England Gas and Electric System distributed to employees "a complete Blue Cross-Blue Shield Master Medical Certificate describing in detail the benefits covered and the health care plan provided by your company." Employees were instructed to file this in the "red employee benefit booklet entitled, 'You and Your Company.'" (Dupre 11742, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-19530-EFH, Exh. 64 to NSTAR Appendix).

15. Commonwealth Energy periodically distributed summary plan descriptions to all participants in the Company's benefit plans. (Deposition of Bernard B. Peloquin, Volume I, Senior, et al. v. NSTAR Electric and Gas Corp., et al., Civil Action No. 04-110160-EFH, 58-59, 62-63, Exh. 39 to NSTAR Appendix; Miller Dep. II, 149, Exh. 37 to NSTAR Appendix; 12/29/03 Affidavit of Bernard B. Peloquin, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-10530-EFH, par. 4, Exh. 30 to NSTAR Appendix).

16. The certificate for the Dental Protection Plan for Commonwealth Energy System and Subsidiary Companies, updated through 4/1/90, provided (at 17) that the Plan Sponsor may cancel the contract for any reason. (Exh. G to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix).

17. The Summary Plan Description for the employees of Commonwealth Energy System and subsidiary companies for 1996 provided, in regard to the Delta Dental Plan (at DD20), and Delta Premier II Plan (at DB31), in identical sections entitled "Your Rights," that "[t]he Company reserves the right, subject to the provisions of any collective bargaining agreement, to amend, modify or terminate the Plan at anytime." (Exh. C to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix).

18. An updated Summary Plan Description for employees of Commonwealth Energy

System and subsidiary companies, dated February 1997, contained the same language on reservation of rights set forth in the Summary Plan Description described in par. 17, supra. (See Exh. D to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix).

19. In about January 1993, Commonwealth Energy distributed a document entitled, "Changes to the Employee Benefits Package for All Non-Bargaining Employees and Commonwealth Gas Union Local #12004." (See Exh. E to 4/3/03 Peloquin Affidavit, Exh. 29 to NSTAR Appendix). The first page of the document contained a "Message from the President" (William G. Poist, who was also Chief Executive Officer). This message provided in part that "[i]n the future, we will continue to examine the plans and make adjustments and modifications consistent with our overall goals and in response to changes in our competitive situation." (See id.).

**D.   1997 Personnel Reduction Program**

20. In about May 1997 Commonwealth Energy announced a Personnel Reduction Program ("PRP"). A document entitled, "Personnel Reduction Program, Information for Commonwealth Energy System and Subsidiary Company Employees," dated May 1997, provided as follows with respect to "Health and Dental Insurance Coverage":

> Eligibility: (all non-union, Commonwealth Gas Union Local #12004 and Canal Electric Local #480C employees, where eligible):
>
> 1)   All employees who were **not** at least age forty (40) and had **not** completed at least twelve (12) full years of system service as of January 1, 1993, are entitled to continuation of coverage for eighteen (18) months through Consolidated Omnibus Budget Reconciliation Act (COBRA). The Company will pay the cost of the first twelve (12) months premium. Employees will be responsible for the cost of the remaining six (6) months premium.
>
> 2)   Employees who were at least age forty (40) and had completed at least twelve (12) full years of System service as of

January 1, 1993 but currently have not met the "Rule of 75" will be entitled to continuation of coverage for eighteen (18) months through COBRA. The Company will pay the cost of the first twelve (12) months premium. Employees will be responsible for the cost of the remaining six (6) months premium.

3) Employees who were at least age forty (40) and had completed at least twelve (12) full years of System service as of January 1, 1993 and currently meet the "Rule of 75" will be entitled to medical and dental insurance coverage provided they pay ten percent (10%) of the current medical and dental premium until age sixty-two (62). At age 62, the Company will pay 100% of the premium.

(Exh. 62 to NSTAR Appendix).

21.  The 1997 PRP Document further provided:

**Plan Documents...The Last Word**:

This summary is not intended to offer detailed descriptions of the System's employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(Exh. A to Complaint, Exh. 62 to NSTAR Appendix).

E.  **1999 Voluntary Separation Program**

22.  In 1999, Commonwealth Energy and Boston Edison offered eligible employees a Voluntary Separation Program ("VSP"). The Program Summary for the VSP provided in part that "[i]f any conflict arises between this summary and either the Company's employee benefit plan documents, the Agreement and General Release, or if any part is not covered, then the terms of the appropriate plan documents or Agreement and General Release, as appropriate, will govern in all cases." (COM/Energy, Boston Edison, 1999 Voluntary Separation Program, Program Summary,

11

Exh. 63 to NSTAR Appendix).

23.  The Program Summary for the VSP contained the following provision on medical / dental benefits:

| | |
|---|---|
| Medical/Dental: For those employees who are eligible for post-retirement medical/dental benefits. | Coverage will continue to employee and eligible dependents. Certain employees might be responsible for co-payment of premiums. |

(Exh. 63 to NSTAR Appendix).

24.  At the foot of the page on which appears the language quoted in par. 23, italicized language provided:

> *The Company reserves the right to change or terminate coverage for current and former employees at any time. Any such change may be in the benefits provided, the contributions required, or in any other aspect in accordance with applicable laws.*

(Exh. 64 to NSTAR Appendix) (emphasis in original).

25.  Each of the seven (7) Plaintiffs who retired in 1997 received a document entitled, "Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date." (Exhs. 40-46 to NSTAR Appendix). This document provided in part:

**HEALTH INSURANCE**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**B.    Dental Insurance**

> You will be covered by the Company sponsored dental plan on your Actual Retirement Date.

> Coverage for your spouse and/or any eligible dependent(s) will be provided.

12

> Your dental coverage will be for your life. Your spouse and/or eligible dependents will be covered for 12 months after your death. At the end of the 12 months, your spouse and/or eligible dependents will be offered continuation of coverage through COBRA.

26. Paragraph 9 of each document entitled "Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date" provided:

> This summary is not intended to offer detailed descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(Exhs. 40-46 to NSTAR Appendix).

27. Each of the fifteen (15) Plaintiffs who retired in 1999 received a document entitled either, "NSTAR, Information Relative to Employee Benefits Upon Termination of Employment," or "Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date." (Exhs. 47-61 to NSTAR Appendix).

28. Each of the documents referred to in par. 27, supra, however titled, provided in pertinent part:

> **3.  HEALTH INSURANCE**
>
> *   *   *   *   *   *   *   *   *   *   *   *   *
>
> **B.  Dental Insurance**
>
> Since you were age 40 and had 12 or more years of employment as of January 1, 1993, and met the 'Rule of 75' at termination of employment, you will be entitled to dental insurance providing you pay ten percent (10%) of the current dental premium (the premium in

> effect as of the first of the year in which you terminate) from termination date to age 62. When you reach age 62, the Company will pay the entire premium.
>
> Your dental coverage will be for your life time. Your spouse and/or eligible dependents will be covered for 12 months after your death. At the end of the 12 months, your spouse and/or eligible dependents will be offered continuation of coverage through COBRA.

(Exhs. 47-61 to NSTAR Appendix).

29. The last paragraph of each of the documents referred to in par. 28, supra, provided:

> **Plan Documents**
>
> This summary is not intended to offer detailed descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(Exhs. 47-61 to NSTAR Appendix).

F. **Alleged Representations To Plaintiffs**

30. Each of the 22 Plaintiffs swore in identical interrogatory answers that they held a pre-termination meeting with Janice L. McDonald, Benefits Coordinator. At these meetings, Ms. McDonald allegedly reviewed with each of the Plaintiffs the documents described in pars. 25-29, supra. In addition, Ms. McDonald allegedly represented to each of them that "[y]our dental coverage will be for your life. Your spouses and/or eligible dependents will be covered for 12 months after your death." (Exhs. 6-27 to NSTAR Appendix).

31. Plaintiff Robert Comeau testified that he never met with Ms. McDonald regarding his retirement benefits. (Deposition of Robert Comeau ("Comeau Dep."), 15, 22, Exh. 31 to NSTAR

14

Appendix).

32. Mr. Comeau left a meeting with benefits representative Donald Graham before his retirement with the impression that his dental benefits would be for his life. (Comeau Dep., 16-17, Exh. 31 to NSTAR Appendix). He never heard anyone in Company management or in the benefits say that dental coverage was for life. (Comeau Dep., 20).

33. Mr. Comeau understood that paragraph 9 of the document he received entitled "Information Relative to Employee Benefits Upon Your Retirement Date" (see Exh. 42 to NSTAR Appendix), meant that he was only receiving a summary, and that the actual plan would be more detailed. (Comeau Dep., 20, Exh. 31 to NSTAR Appendix; see par. 11, supra).

34. Plaintiff Diane Owens testified that she never met with Ms. McDonald regarding her retiree dental coverage, or any other aspect of her retirement benefits. (Deposition of Diane Owens ("Owens Dep."), 21-22, Exh. 38 to NSTAR Appendix).

35. Ms. Owens did meet with benefits representative Carol Cormier in the fall of 1999. Ms. Cormier told her that if she did not accept the retirement package, there was no guarantee of future employment at NSTAR. (Owens Dep., 19-20, Exh. 38 to NSTAR Appendix). She further told Ms. Owens that she would have dental coverage for the rest of her life. (Owens Dep., 24-26).

36. Plaintiff John H. Corcoran, Jr. testified that he never met with Ms. McDonald regarding his retirement benefits. (Deposition of John H. Corcoran, Jr. ("Corcoran Dep."), 47-48, Exh. 32 to NSTAR Appendix). Mr. Corcoran had several discussions with benefits representative Donald Graham about his retirement package, including a brief exit interview with Mr. Graham immediately before his retirement. (Corcoran Dep., 56-59).

15

Respectfully submitted,

NSTAR ELECTRIC AND GAS
CORPORATION

By its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By: _____
Keith B. Muntyan
B.B.O. #361380
Robert P. Morris
B.B.O. #546052

Dated: March 4, 2005

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on March 4, 2005, I caused to be served a copy of the within pleading by hand on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

_____
Robert P. Morris

16