UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
LOUIS BALESTRACCI, JEAN              )
BONVILLE, ANDREW CARR, ROBERT        )
COMEAU, LEO CONNELLY, JR.,           )
JOHN H. CORCORAN, JR., THOMAS        )
DEARN, RICHARD ELDREDGE,             )
RICHARD FLETCHER, BRIAN              )
HAWKESWORTH, BEAUFORD HUNT           )
ROBERT LAWRENCE, JOSEPH LOPES,       )
DAVID MANN, GARY MEYN,               )   Civil Action No. 04-CV-11103-EFH
RUSSELL NICKERSON, DIANE             )
OWENS, ERNEST QUINTIN, DONNA         )
RENE, JOSEPH SOCHA, STEPHEN          )
WATTS, and DUNSTAN WHITLOCK          )
            Plaintiffs               )
v.                                   )
                                     )
NSTAR ELECTRIC & GAS                 )
CORPORATION                          )
            Defendant                )
_____)
```

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF
UNDISPUTED MATERIAL FACTS AND SUPPLEMENT TO
THEIR STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiffs submit the following response, for purposes of defendants' motion for summary judgment, pursuant to Local Rue 56.1, to the numbered paragraphs of Defendant's Statement of Undisputed Material Facts. Plaintiffs' admissions are only for purposes of response to defendant's summary judgment motion.

1, 2, 3, 4, 5, 6, 7, 8, 9. Plaintiffs agree.

10. Plaintiffs do not agree. This is not a fair characterization of Mr. Miller's deposition testimony. Mr. Miller's testimony, at Vol. II, pp. 166-167, was that he would not be surprised if he were told that there are no vesting provisions in the company's

1

plans for health benefits. And, as is set forth in Plaintiffs' statement of material facts, various summaries of benefits provided lifetime health and dental coverage.

11, 12. Plaintiffs agree that these paragraphs accurately quote portions of the Post Retirement Benefit Program documents. However Bernard Peloquin, Manager of Employee Benefits for Commonwealth Energy System beginning in 1993 and Director of Total Benefits for NSTAR since 2000, testified that these documents were not given to employees and that he could not recall having been asked for a copy of those documents by employees. (PSt. ¶ 8; Peloquin dep. at 1/13, 61-62)

13, 14. Plaintiffs agree that certain booklets were distributed in certain years.

15. Plaintiffs agree.

16. Plaintiffs agree that page 17 of the quoted document contains the quoted language.

17, 18. Plaintiffs agree that certain pages of complete documents of more than 200 pages are set out in the appendix to Defendant's Renewed Motion for Summary Judgment, Exhibits C and D to Exhibit 29.

19. Plaintiffs agree.

20, 21. Plaintiffs agree.

22, 23, 24. Plaintiffs agree that the documents contain the quoted language, but direct the Court's attention to the full text of the documents.

25, 26. Plaintiffs agree, but add that the documents were given to employees who expressed an interest in retiring. (P.St. ¶ 4) They are dated as much as two to three months prior to the actual date of retirement.

27, 28, 29. Plaintiffs agree, but add the documents were given to employees at the time they were considering whether to retire under the 1999 VSP program. (PSt. ¶ 12)

30, 31, 32, 33, 34, 35, 36. Plaintiffs agree.

### Additional Statements of Undisputed Fact

37. Carol Cormier was supervisor of payroll and employee benefits for Commonwealth Gas from September 1987 through October 1997 and benefits coordinator for Commonwealth Energy Systems thereafter through 2000. In these capacities she administered benefit plans on a daily basis. During that time she met with Commonwealth Gas employees who had questions about their benefits. She testified in a deposition that she never discussed the language of summary plan descriptions with employees. In speaking with a Commonwealth Gas employee considering retirement in1997 she would have said that he had medical coverage for his lifetime. She added that it would not necessarily be the same plan as on the date of retirement. That was bcause coverage changes when you go on a different plan. She added that she would not have told an employee that the company could eliminate Master Medical and bring in another plan or that the company had a right to do so. Her opinion was that the company could change a benefit to something similar or change to a different product. Cormier dep. at 10-12, 17-18, 66-72;  Appendix A hereto)

38. (i.) The collective bargaining agreement between  Commonwealth Gas Company and Local 12004, United Steelworkers of America (herein CBA) covering the period April 1, 1973 to April 1, 1975 contained the following provision under the heading Health Insurance Coverage:

    A.    All full time regular and limited employees with six (6) months of continuous employment and their eligible dependents will be covered

        under Blue Cross/Blue Shield Master Medical Certificate MM 1 2-2-68 Rev. and supplemented by amendatory riders R770, R642, R626, R603, R623, R630, R662, R126, R300 and R638 except that if such eligible employee or dependent is age 65 or over, such person shall be covered under Medicare Extension Certificate ME 3 7-1-66 as amended by Rider ME 3 R316.
The Company will continue to pay the entire cost of this plan.

B. <u>Medicare B. Reimbursement</u>
Any eligible employee or retiree who is 65 years of age or over or whose spouse is age 65 or over, will be reimbursed an amount equal to the premium charged for Medicare Part B coverage for himself and/or his spouse.
Effective April 1, 1974 all full time regular and limited employees with six (6) months of continuous employment and their eligible dependents will be covered under Massachusetts Dental Service Corporation benefits as outlined in certificate DS-1 and Appropriate riders, otherwise known as First-Level 70% Plan (Plan 5).
The Company will pay the entire premium of the Plan.

(ii.) The CBA for the period April 1, 1975-April 1, 1978 contained the following provision under the heading Health Insurance Coverage:

A. All full time regular employees with six (6) months of continuous employment and their eligible dependents will be covered under Blue/Cross/Blue Shield Master Medical Certificate MM 2-1-68 Rev. and supplemented by amendatory riders R770, R642, R603, R623, R630, R662, R126, R300 and R658 except that if such eligible employee or dependent is age 65 or over, such person shall be covered under Medicare Extension Certificate ME 3 7-1-66 as amended by Rider ME 3 R316.
The Company will continue to pay the entire cost of this plan.

B. <u>Medicare B Reimbursement</u>
Any eligible employee or retiree who is 65 years of age or over or whose spouse is age 65 or over, will be reimbursed an amount equal to the premium charge for Medicare Part B coverage for himself and/or his spouse.

C. <u>Dental Plan</u>
All full time regular employees with six (6) months of continuous employment and their eligible dependents will be covered under Massachusetts Dental Service Corporation benefits as outlined in certificate DS-1 and appropriate riders, otherwise known as First-Level 70% Plan (Plan 5).
The Company will pay the entire premium of the plan.

(iii.) The CBA for the period April 1, 1978 to April 1, 1980 contained the

4

following provision under the heading Health Insurance Coverage:

>All full time regular employees with thirty (30) days of continuous employment and their eligible dependents will be covered under Blue Cross/ Blue Shield Master Medical Certificate MM 9 (1/1/76), as amended April 1, 1978, the provisions of which are made a part of this Contract. The Company will continue to pay the entire cost of the Plan.
>
>Medicare B Reimbursement
>
>Any eligible employee or retiree who is 65 years of age or over or whose spouse is age 65 or over, will be reimbursed an amount equal to the premium charged for Medicare Part B coverage for himself and/or his spouse.
>
>Dental Plan
>
>All full time regular employees with thirty (30) days of continuous employment and their eligible dependents will be covered under Massachusetts Dental Service Corporation benefits as outlined in certificate DS-1 and appropriate riders, otherwise known as First-Level 70% (Plan 5), the provisions of which are made a part of this Contract. The Company will pat the entire premium of the Plan.

(iv.) The CBA for the period April 1, 1980 to April 1, 1983 contained the

following provision under the heading Health Insurance Coverage:

>All full time regular employees under age 65 with thirty (30) days continuous employment and their eligible dependents will be covered under Blue Cross/Blue Shield Master Medical Certificate MM9 (1/1/76), as amended April 1, 1978, and further amended July 1, 1978, the provisions of which are made a part of this Contract. The Company will continue to pat the entire cost of the Plan.
>
>Medicare B Reimbursement
>
>All full time regular employees age 65 or over will be covered under the Carve-Out provision of Blue Cross/Blue Shield in addition to their Medicare coverage.
>
>Any full time regular employees 65 years of age or over or whose spouse is age 65 or over, will be reimbursed an amount equal to the premium charged for Medicare Part B coverage for himself and/or his spouse.
>
>Dental Plan
>
>All full time regular employees with thirty (30) days of continuous employment and their eligible dependents will be covered under Massachusetts Dental Service Corporation benefits as outlined in Certificate DS-1 and appropriate riders, otherwise known as First Level 100% (Plan 1), the provision of which are made a part of this Contract. The Company will pay the entire premium of the Plan.

(v.) The CBA for the period April 1, 1983 to March 31, 1986 contained the

following provision under the heading Health Insurance Coverage:

All full time regular employees under age 65 with thirty (30) days of continuous employment and their eligible dependents will be covered under Blue Cross/Blue Shield Master Medical Certificate MM 9 (1/1/76), as amended April 1, 1978, and further amended July 1, 1978, January 1, 1981 and January 1, 1982, the provisions of which are made a part of this Contract.  The Company will continue to pay the entire cost of the Plan.
Medicare B Reimbursement
All full time regular employees age 65 or over will be covered under the Carve-out provision of Blue Cross/Blue Shield in addition to their Medicare coverage. Any full time regular employee who is 65 years of age or over, will be reimbursed an amount equal to the premium charged for Medicare B coverage for himself and/or his spouse.
Dental Plan
All full time regular employees with thirty (30) days of continuous employment and their eligible dependents will be covered under Dental Services of Massachusetts, Inc. benefits as outlined in Certificate DS-1 effective January 1, 1974 and amended July 1, 1978, and DS-1 second level 50% Plan and third level Plan ($900 lifetime maximum), effective January 1, 1981, otherwise known as first level 100% (Plan 1) effective January 1, 1974, and DS-1 Second Level 50% Plan and DS-1 Third Level Plan ($900 lifetime maximum), effective January 1, 1981, the provisions of which are made a part of this Contract.  The Company will pay the entire premium of the Plan.

(vi.) The CBA for the period April 1, 1986 to March 31, 1990 contained the

following provisions concerning heath benefits:

Health Insurance Plan
Eligible employees, and their eligible spouses and dependents, will be covered under the terms and conditions of Blue Cross-Blue Shield of Massachusetts Master Medical Certificate, MM CES 1 (06/01/81), and further amended January 1, 1982, May1, 1982, September 1, 1983, November 1, 1983 (TIP), May 1, 1984, January 1, 1985, March 27, 1985 and January 1, 1987, the provisions of which are made a part of this Contract.
The Company will continue to pay the entire cost of the Plan.
Eligible employees age 65 or over, and the spouses age 65 or over of such employees, may also be covered under the terms and conditions of Medicare.
Medicare B Reimbursement
Eligible Employees age 65 or over, or whose spouse is age 65 or over, will be reimbursed an amount to the premium charged for Medicare B coverage for himself and/or his spouse.
Dental Plan
Eligible employees and their eligible souses and dependents will be covered under the terms and conditions of Dental Services of Massachusetts Dental Plan, First Level Plan (100% Reimbursement), effective July 1, 1978, Second Level Plan

6

(50% Reimbursement) effective January 1, 1981, (70% Reimbursement effective January 1, 1984) and Third Level Plan (Table of Allowance), effective January 1, 1981, and further amended May 11, 1981 and March 27, 1985, the provisions of which are made part of this Contract.
The Company will continue to pay the entire cost of the Plan.

(vii.) The CBA for the period April 1, 1990 to March 31, 1993 contained the

following provisions concerning health benefits:

Health Insurance Plan
Eligible employees, and their eligible spouses and dependents, will be covered under the terms and conditions of Blue Cross-Blue Shield of Massachusetts Master Medical Certificate, MM CES 1, as amended, the provisions of which are made a part of this Contract.
The Company will continue to pay the entire cost of the Plan.
Medicare B Reimbursement
Eligible employees age 65 and over, or whose spouse is age 65 and over, will be reimbursed an amount equal to the premium charged for Medicare B coverage for himself/herself and his/her spouse.
Dental Plan
Eligible employees, and their eligible spouses and dependents, will be covered under the terms and conditions of Dental Service of Massachusetts Inc., DPP II, as amended, the provisions of which are made a part of this Contract.
The Company will continue to pay the entire cost of the Plan.

(viii.) The CBA for the period April 1 1993 to March 31, 1996 contained the

following provisions concerning health benefits:

HEALTH INSURANCE PLAN
BLUE CROSS/BLUE SHIELD
A)      Benefits After Retirement or Termination

If you were age 40 or over with 12 or more years of service as of January 1, 1993, and subsequently retire or terminate with the (Rule of 75" (with the System Companies) you WILL BE eligible for COM/Energy sponsored Blue Cross and Blue Shield Master Medical or Medex plan. If you retire or terminate prior to age 62, you will pay 10% of medical premiums in effect as of January 1, of the year which you terminate or retire. When you reach age 62, COM/Energy will pay your entire program.

If you were under 40 or had less than 12 years of service as of January 1, 1993, you WILL NOT be covered by the COM/Energy sponsored Master Medical or Medex program at your retirement or termination.

  B)  Effective <u>April 1, 1993,</u> amend the Prescription Drug Plan Rider from the $3.00 co-payment to read as follows:

    1.  For each prescription drug which is purchased from a Massachusetts participating pharmacy, the employee is responsible for $5.00 generic/$10.00 brand name co-payment.

    2.  For each prescription drug which is purchased from a non-participating pharmacy in Massachusetts, the employee is reimbursed at 75% of the reasonable charge after the $5.00 generic/$10.00 brand name co-payment is taken.

. For each prescription drug which is purchased from a pharmacy outside of Massachusetts, the employee will be reimbursed at 100% of the reasonable charge after the $5.00 generic/$10.00 brand name co-payment is taken.

    NOTE: If no related generic drug exists for the brand name drug prescribed, $5.00 co-pay will apply to the above.

  C)  OPT OUT Program

Effective Date 05/01/93

Eligibility

You will have the opportunity to OPT OUT of COM/Energy Medical coverage at any time, however, you must provide evidence of medical coverage elsewhere and complete an OPT OUT Application election form. The Employee Benefits Department will review application and notify you in writing of your status.

Employees Not Eligible

- Any Employee or retiree married to another employee or retiree
- Part-time employees

Waiver Allowance

- If your application is approved and you OPT OUT of a family membership, you will receive $83.33 per month ($19.23 if paid weekly) up to a maximum of $1,000 per twelve month period.
- If your application is approved and you OPT OUT of an individual membership, you will receive $41.67 per month ($9.62 per week if paid weekly) up to a maximum of $500 per 12 month period.

OPT IN Enrollment

In order to return to coverage under COM/Energy, you must complete an OPT IN election form and submit proof of loss of coverage. The Employee Benefits

8

Department will review your OPT IN election form and notify you in writing of your status.

DENTAL PLAN

Benefits After Retirement or Termination

If you were age 40 or over with 12 or more years of service as of January 1, 1993 and subsequently retire or terminate with the "Rule of 75" (with the System Companies) you WILL BE eligible for the COM/Energy sponsored Delta Dental Plan. If you retire or terminate prior to age 62, you will pay 10% of dental premiums in effect as of January 1, of the year in which you terminate or retire. When you reach age 62, COM/Energy will pay your entire premium.

If you were under age 40 or had less than 12 years of service as of January 1, 1993, you WILL NOT be covered by the COM/Energy sponsored Delta Dental plan at your retirement or termination.

In negotiations leading to this agreement the company spokesman that under the terms of the agreement employees who were age 40 with at least 12 years of service as of January 1, 1993 would have no change in benefits from those then in effect. (Tieuli dep. at 12)

(ix.) The CBA for the period April 1, 1996 to March 31 2002 contained the following provisions concerning health benefits:

HEALTH INSURANCE PLAN

Eligible employees, and their eligible spouses and dependents, will be covered under the terms and conditions of Blue Cross-Blue Shield of Massachusetts Master Medical Subscriber Certificate, MM CES 3, as amended, or HealthFlex Blue/Blue Choice Plan 2 Program, as amended, or Medex Subscriber Certificate, Medex CES 1, as amended, the provisions of which are made a part of this Contract.

The Company will continue to pay the entire cost of the Plan through December 31, 1998. Effective January 1, 1999 employees will contribute through payroll deductions, a weekly pre tax amount as set forth below:

|  | Individual | Family |
|---|---|---|
| Indemnity Plan | $6.00 | $15.00 |
| HealthFlex Blue | $4.00 | $10.00 |
| HMO | $0.00 | $0.00 |

9

MEDICARE B REIMBURSEMENT

Subject to Medicare regulations, eligible employees, or their eligible spouses, will be reimbursed an amount equal to 80% of the premium charged for Medicare Part B coverage.

DENTAL PLAN

Eligible employees, and their eligible spouses and dependents, will be covered under the terms and conditions of Dental Service of Massachusetts Inc., DPP II, as amended, the provisions of which are made a part of this Contract.

The Company will continue to pay the entire cost of the Plan.

Respectfully submitted:

LOUIS BALESTRACCI, et als.,
By their attorneys,


  s/Warren H. Pyle
Warren H. Pyle, BBO # 408400
Pyle, Rome, Lichten, Ehrenberg
   & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Tel: (617) 367-7200

Dated: April 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon all counsel of record, by hand delivery, on April 8, 2005.

  s/Warren H. Pyle
Warren H. Pyle

whp/Balestracci et al/Balestracci Response to NSTAR St of Facts