UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
LOUIS BALESTRACCI, JEAN          )
BONVILLE, ANDREW CARR, ROBERT    )
COMEAU, LEO CONNELLY, JR.,       )
JOHN H. CORCORAN, JR., THOMAS    )
DEARN, RICHARD ELDREDGE,         )
RICHARD FLETCHER, BRIAN          )
HAWKESWORTH, BEAUFORD HUNT       )
ROBERT LAWRENCE, JOSEPH LOPES,   )
DAVID MANN, GARY MEYN,           )   Civil Action No. 04-CV-11103-EFH
RUSSELL NICKERSON, DIANE         )
OWENS, ERNEST QUINTIN, DONNA     )
RENE, JOSEPH SOCHA, STEPHEN      )
WATTS, and DUNSTAN WHITLOCK      )
          Plaintiffs            )
   v.                              )
                                    )
NSTAR ELECTRIC & GAS             )
CORPORATION                      )
          Defendant             )
_____)

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION
TO PROHIBIT USE OF EXPERT WITNESS CAROL CHANDOR
AND STRIKE EXPERT REPORT**

Plaintiffs oppose defendants' motion to prohibit use of Carol Chandor as an expert witness and to strike her expert report. Plaintiffs do not oppose defendants' request to depose her.

The expert report of Ms. Chandor does a number of things: (1) It recites her qualifications as one familiar with group insurance policies and practices among private and public sector employers in the Commonwealth of Massachusetts. (2) It incorporates a Master Medical policy covering Commonwealth Gas employees and dental benefit policies covering Commonwealth Gas employees dated 1990, 1994 and 1997 (Attachments A – D). (3) It recites the provisions of each of these policies or summary

1

plan descriptions that allow the employer to cancel coverage. (4) It states her opinion as to the use of such provisions among Massachusetts insurers:

> 4. The summary plan descriptions appended hereto are typical of those issued by health and dental group insurance providers in Massachusetts. In preparing and issuing summary plan descriptions in Massachusetts health and dental insurers typically include a provision allowing the plan sponsor (the employer who provides and purchases the insurance coverage for its employees and retirees) to terminate coverage at any time.

This is plainly the statement of one familiar with industry practice concerning the kind of insurance policy or summary plan description in this case, and is clearly an appropriate and admissible opinion. This sort of specialized knowledge informs the Court of matters of fact within her specialized knowledge and is not argumentative.

(5) The expert report then recites the provisions of the personalized benefit summaries given to employees who retired in 1997 and 1999, and offers the following opinion:

> 8. There is no conflict between the promise that "Your dental coverage will be for your life" in documents given to plan participants and the standard provision stated in the Summary Plan Descriptions(s) that allows the plan sponsor to "cancel the plan" at any time.

These are the portions of the report to which defendants object in their motion. Plaintiffs concede that this paragraph offers Ms. Chandor's opinion and argument on the legal question in this case and could be construed as going beyond her expert qualifications. Accordingly, plaintiffs would not object to the Court striking paragraph 8.

2

Respectfully submitted:

LOUIS BALESTRACCI, et als.,

By their attorneys,

  s/Warren H. Pyle
Warren H. Pyle, BBO # 408400
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Tel: (617) 367-7200

Dated: April 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record, by hand delivery, on April 8, 2005.

  s/Warren H. Pyle
Warren H. Pyle