UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONELLY, JR., JOHN CORCORAN, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRIAN HAWKESWORTH, BEAUFORD HUNT, ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK, <br><br> Plaintiffs, <br><br> v. <br><br> NSTAR ELECTRIC & GAS CORPORATION, <br><br> Defendant | Civil Action No. 04-11103-EFH |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONSE OF DEFENDANT NSTAR ELECTRIC AND GAS CORPORATION TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant NSTAR Electric and Gas Corporation ("NSTAR") hereby sets forth its response to the numbered allegations in Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment ("Plaintiffs' Statement"). NSTAR has moved for summary judgment, and denies that there are any genuine issues of any material fact. NSTAR submits the following response to clarify and correct, as necessary, the alleged facts set forth in Plaintiffs' Statement:

The 1997 Personnel Reduction Program

1. NSTAR admits the facts alleged in paragraph 1 of Plaintiffs' Statement.

2.  NSTAR admits that Commonwealth Gas Company ("Commonwealth Gas") distributed to employees the document entitled, "Personnel Reduction Program, Information for Commonwealth Energy System and Subsidiary Companies Employees," and that this document contained the language quoted in paragraph 2 of Plaintiffs' Statement. NSTAR denies the facts alleged in the second sentence of paragraph 2 of Plaintiffs' Statement, and states that this document provided:

> **Plan Documents...The Last Word:**
>
> This summary is not intended to offer detailed descriptions of the Systems employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(See Statement of Undisputed, Material Facts Submitted by NSTAR Electric and Gas Corporation Pursuant to Local Rule 56.1 ("NSTAR Statement"), par. 21; see also Utility Workers, Local 369 v. NSTAR Electric and Gas Corp., 317 F.Supp. 2d 69, 77 n.7 (D. Mass. 2004) ("Local 369") (above quoted language referred to "dental benefits plan [which] explicitly provided that the plan[] could be changed or cancelled.").

3.  NSTAR admits that Plaintiffs Balestracci, Carr, Comeau, Hunt, Quintin, Socha and Whitlock were eligible to participate in the 1997 Personnel Reduction Program ("PRP").

4.  NSTAR admits that the Plaintiffs identified in paragraph 3, supra, and other employees who had decided to retire under the PRP, received a document entitled, "Commonwealth Energy System and Subsidiary Companies, Information Relative to Employee Benefits Upon Your Retirement Date" ("benefit summaries"). (See Exhs. 40-46 to Appendix to Motion for Summary

Judgment of Defendant NSTAR Electric and Gas Corporation ("NSTAR Appendix"); see also Local 369, 317 F.Supp. 2d at 74 (referring to "benefit summaries")). NSTAR further admits that the benefit summaries (which speak for themselves) contained the language quoted in paragraph 4 of Plaintiffs' Statement. NSTAR further states that the benefit summaries were provided to employees after they had provided notice of intent to retire. (See Deposition of Donald Graham, at 23, Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., Civil Action No. 03-19530-EFH, Exh. 1 hereto).

5. NSTAR admits that Plaintiffs Balestracci, Carr, Hunt, Quintin, Socha and Whitlock were given the above-referenced benefit summaries (which speak for themselves). NSTAR denies that "[t]he statement of benefits and individualized information provided to the plaintiffs listed above and others contained no reservation of right of Commonwealth Gas to terminate lifetime health and dental benefits," as alleged in the first sentence of paragraph 5 of Plaintiffs' Statement. On the contrary, each of the benefit summaries provided:

> This summary is not intended to offer descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(See NSTAR Statement, pars. 25-26. See also Local 369, 317 F.Supp. 2d at 74-75 ("the benefit summaries...provide that '[i]f any conflict arises between this description and the Plan document, of it we do not cover any point, the terms of the Plan document will always govern.' It is clear that the plan documents, not the plan summaries, control. As has already been explained, the plan documents clearly allow for the plans to be changed or cancelled.")).

6. NSTAR admits that Plaintiffs Balestracci, Carr, Comeau, Hunt, Quintin, Socha and

3

Whitlock retired under the PRP, and executed releases in connection therewith. NSTAR states that any "reliance" by Plaintiffs on alleged "promises" was unreasonable.

7.  NSTAR admits the facts alleged in paragraph 7 of Plaintiffs' Statement, but states the following: Paragraph 7 of Plaintiffs' Statement implies that Plaintiff Balestracci, Carr, Comeau, Hunt, Quintin, Socha and Whitlock never received summary plan descriptions ("SPDs") for dental or other plans before approximately June 1997. In fact, SPDs were regularly distributed before June 1997, including one provided in 1996, which contained the same reservation of rights language as that found in the June 1997 SPD. (See NSTAR Statement, pars. 15-18).

NSTAR further states that in addition to the various provisions cited in the NSTAR Statement (see NSTAR Statement, pars. 10-19), the summary plan descriptions provided for circumstances under which an individual could be disqualified from receiving dental benefits, or otherwise could be deemed ineligible, denied or lose benefits. (Participant Benefits Information, Commonwealth Energy, June 1997, DB 16-18, Dupre 4476-4478, Exh. 1 hereto; Summary Plan Descriptions, February 1997, DB 16-18, Dupre 4741-4743, Exh. 2 hereto; Your Employee Benefits Handbook, Commonwealth Energy, January 1996, DB 16-18, Dupre 4920-4922, Exh. 3 hereto).

8.  NSTAR admits that the page referenced in the first sentence of paragraph 8 of Plaintiffs' Statement accurately quotes language from the SPDs. (See NSTAR Statement, pars. 17, 18). All participants had the right to review all plan documents, and were notified of that right in the SPDs. (Participant Benefits Information, Commonwealth Energy, June 1997, ADM 5-R, Dupre 4245, Exh. 5 hereto; Summary Plan Descriptions, February 1997, ADM 5-R, Dupre 4508, Exh. 6 hereto; Your Employee Benefits Handbook, Commonwealth Energy, January 1996, ADM 6, Dupre 5019, Exh. 7 hereto).

9. For purposes of consideration of the parties' cross-motions for summary judgment *only*, NSTAR does not dispute the facts alleged in paragraph 9 of Plaintiffs' Statement. NSTAR further states that the SPDs and other documents gave notice of the right of Commonwealth Gas to modify or discontinue benefits. (See NSTAR Statement, pars. 13-19).

### The 1999 Voluntary Separation (VSP) Program

10. NSTAR admits the facts alleged in paragraph 10 of Plaintiffs' Statement.

11. NSTAR admits that documents from the 1999 Voluntary Separation Program ("VSP") contained the quoted language, as well as other pertinent language. (Compare NSTAR Statement, pars. 22-24). NSTAR admits the further allegations in paragraph 11 of Plaintiffs' Statement.

12. NSTAR admits the facts alleged in paragraph 12 of Plaintiffs' Statement, and further states that the referenced document (which speaks for itself) contains additional matters not referred to therein. Specifically, the description of the 1999 VSP provided:

> *The Company reserves the right to change or terminate coverage for current and former employees at any time. Any such change may be in the benefits provided, the contributions required, or in any other aspect in accordance with applicable laws.*

(See NSTAR Statement, par. 24) (emphasis in original). The document further provided that "[i]f any conflict arises between this summary and either the Company's employee benefit plan documents or the Agreement and General Release, or if any point is not covered, the terms of the appropriate plan documents or Agreement and General Release, as appropriate, will govern in all cases." (See Exh. 63 to NSTAR Appendix).

13. NSTAR admits the facts alleged in the first two sentences of paragraph 13 of

Plaintiffs' Statement. NSTAR denies the allegations in the third sentence of paragraph 13 of Plaintiffs' Statement, and states that each of the benefit summaries in fact provided:

> This summary is not intended to offer descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(See NSTAR Statement, par. 26. See also Local 369, 317 F.Supp. 2d at 74-75 ("the benefit summaries...provide that '[i]f any conflict arises between this description and the Plan document, of it we do not cover any point, the terms of the Plan document will always govern.' It is clear that the plan documents, not the plan summaries, control. As has already been explained, the plan documents clearly allow for the plans to be changed or cancelled.")).

14.   NSTAR admits that Plaintiffs Bonville, Connelly, Corcoran, Dearn, Eldredge, Fletcher, Hawkesworth, Lawrence, Lopes, Mann, Meyn, Nickerson, Owens, and Rene were eligible for retirement under the 1999 VSP, and executed releases. NSTAR further states that any "reliance" by Plaintiffs on alleged "promises" was unreasonable.

15.   Assuming for purposes of consideration of the parties' cross-motions for summary judgment that the document referred to in paragraph 15 of Plaintiffs' Statement was first received after employees elected to participate in the 1999 VSP, NSTAR states that this document further provided, in the section concerning the Dental Blue Program 2 (at DB33), that "[t]he Company reserves the right, subject to the provisions of any collective bargaining agreement, to amend, modify, or terminate the Plan at anytime." (Exh. 8 hereto). NSTAR further denies the allegation implicit in paragraph 15 of Plaintiffs' Statement that the Plaintiffs who retired under the 1999 VSP

first received SPDs after they signed releases and related documents. In fact, SPDs had been regularly distributed to employees prior to the 1999 VSP. (See NSTAR Statement, pars. 13-18; see also par. 7, supra).

16. In regard to the language quoted in paragraph 16 of Plaintiffs' Statement from Bernard Peloquin's deposition, his answer was in response to a question concerning reimbursement for the Medicare Part B premium. (See Deposition of Bernard Peloquin, Volume I, 55-56, Exh. 39 to NSTAR Appendix). In regard to the remaining summary of Peloquin's testimony in paragraph 16 of Plaintiffs' Statement, NSTAR states that Peloquin's testimony speaks for itself.

17. In regard to the section of Peloquin's deposition quoted in paragraph 17 of Plaintiffs' Statement, NSTAR states that the quoted excerpt from Peloquin's testimony spans three (3) pages of testimony, and omits numerous matters testified to by Peloquin.

## Changes in Health Insurance Carriers and Policies

18. In regard to excerpts from Peloquin's testimony summarized by Plaintiffs in paragraph 18 of Plaintiffs' Statement, NSTAR states that Peloquin's testimony speaks for itself.

19. NSTAR submits that the alleged expert testimony of Carol Chandor should be stricken and disregarded, for the reasons set forth in its Motion to Strike, filed on March 4, 2005, and renewed on April 5, 2005.

7

Respectfully submitted,

NSTAR ELECTRIC AND GAS CORPORATION,

By its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By: _____
Keith B. Muntyan
B.B.O. No. 361380
Robert P. Morris
B.B.O. No. 546052

Dated: April 8, 2005

### CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on April 8, 2005, I caused to be served a copy of the within pleading by hand on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

_____
Robert P. Morris