UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************

| | |
|---|---|
| LOUIS BALESTRACCI, JEAN BONVILLE, ANDREW CARR, ROBERT COMEAU, LEO CONELLY, JR., JOHN CORCORAN, JR., THOMAS DEARN, RICHARD ELDREDGE, RICHARD FLETCHER, BRIAN HAWKESWORTH, BEAUFORD HUNT, ROBERT LAWRENCE, JOSEPH LOPES, DAVID MANN, GARY MEYN, RUSSELL NICKERSON, DIANE OWENS, ERNEST QUINTIN, DONNA RENE, JOSEPH SOCHA, STEPHEN WATTS, and DUNSTAN WHITLOCK, | |
| Plaintiffs, | |
| v. | Civil Action No. 04-11103-EFH |
| NSTAR ELECTRIC & GAS CORPORATION, | |
| Defendant | |

*********************************************

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

In their Motion for Summary Judgment and voluminous supporting materials, the Plaintiff retirees do not even mention, much less attempt to distinguish, this Court's decision in Local 369, Utility Workers v. NSTAR Electric and Gas Corp., 317 F.Supp. 2d 69 (D. Mass. 2004) ("Local 369"). In Local 369, this Court entered summary judgment for NSTAR Electric and Gas Corporation ("NSTAR") on the very issues raised in the present action. Based on this Court's decision in Local 369, Plaintiffs' Motion for Summary Judgment should be denied, and NSTAR's Motion for Summary Judgment granted.

A. **While Plaintiffs Erroneously Contend That ERISA Applies To The 1997 And 1999 Retirement Programs, The Issue Need Not Be Resolved.**

Plaintiffs seek to avoid the holding in O'Connor v. Commonwealth Gas Co., 251 F.3d 262 (1st Cir. 2001), that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq., did not apply to the Personnel Reduction Program ("PRP") offered in 1997 by Commonwealth Gas Company ("Commonwealth Gas"). The same PRP is at issue in this action. Plaintiffs' contention (at 9) that the two (2) plaintiffs in O'Connor did not meet the "Rule of 75", see Local 369, 317 F.Supp. 2d at 76 n.6, or otherwise held insufficient service to qualify for post-retirement health and dental benefits under the PRP, is erroneous. See O'Connor v. Commonwealth Gas Co., 251 F.3d at 268 n.7 (both plaintiffs "had surpassed" 37 years of service). See also Commonwealth Gas, 251 F.2d at 269 (referring to "employees like [plaintiffs] with over 37 years service...").

That the claims of the Plaintiff retirees in the present action focus on continuation of post-retirement dental coverage, rather than seeking eligibility for the PRP's benefits (at issue in O'Connor), does not allow Plaintiffs to shoehorn their claims under ERISA. "Given that the main ingredient of the PRP was a one-time, lump-sum severance bonus, calculated according to a formula that required no exercise of employer discretion, we hold that it is not a plan within the meaning of ERISA." O'Connor, 251 F.3d at 272. The same result should be reached in this action, in which the same early retirement program is at issue.

Nonetheless, the applicability of ERISA to the 1997 PRP, as well as to the analogous Voluntary Separation Program ("VSP"), offered in 1999, is ultimately irrelevant. For the reasons discussed within, and in NSTAR's Memorandum in Support of its Motion for Summary Judgment,

2

filed on March 4, 2005, summary judgment is appropriate for NSTAR under both ERISA and state law. Moreover, to the extent necessary, it is appropriate for this Court to retain jurisdiction over this action, given the late stage of this litigation, and its close relation to Local 369. See O'Connor v. Commonwealth Gas Co., 251 F.3d at 272-273 (district court on remand had "discretion" to "elect to assert supplemental jurisdiction and address the state claims," citing 28 U.S.C. §1367(c)(3)).

**B.   Summary Judgment Is Appropriately Entered For NSTAR On Plaintiffs' Claims For Dental Benefits Under Both The 1997 and 1997 Programs.**

   **1.   Plaintiffs Have Misconstrued The 1997 and 1999 Programs.**

Plaintiffs have inexplicably sought the entry of summary judgment in their favor without even mentioning this Court's opinion in Local 369. In Local 369, this Court entered summary judgment for NSTAR on claims by retirees formerly represented by Local 369 of the Utility Workers Union. The claims by the plaintiffs in Local 369 were based on changes to retiree medical and dental benefits implemented by NSTAR in April 2003, including claims based on the 1997 and 1999 retirement programs, and the changes to dental benefits under those programs. See 317 F.Supp. 2d at 76 ("The PRP contained a section regarding health and dental care."); 317 F.Supp. 2d at 77 n.7 (the "dental benefits plan explicitly provided that...the plan[] could be changed or cancelled."). The Plaintiffs to the present action -- retirees under the 1997 and 1999 programs -- are asserting claims based on the same changes to dental benefits at issue in Local 369. There are no rational grounds for reaching a different result in this action.

None of the arguments advanced by Plaintiffs -- all of which mirror those of the Plaintiffs in Local 369 -- warrant disturbing this Court's opinion. Plaintiffs' focus on the words "for life" in reference to dental benefits overlooks the clear language of the "benefit summaries," see

3

Local 369, 317 F.Supp. 2d at 74, provided to employees. In both 1997 and 1999, prospective retirees were informed that the terms of the plan documents controlled. (See Statement of Undisputed Material Facts Submitted by NSTAR Electric and Gas Corporation Pursuant to Local Rule 56.1 ("NSTAR Statement"), pars. 21, 26, 29; see also par. 24 (1999 program)). Compare Local 369, 317 F.Supp. 2d at 74-75 (notwithstanding "benefit summaries" stating that 'your dental coverage will be for your life,'" "the summaries provide that '[i]f any conflict arises between this description and the Plan document, or if we do not cover any point, the terms of the Plan document will always govern.' It is clear that the plan documents, not the plan summaries, control...[T]he plan documents clearly allow for the plans to be changed or cancelled."); 317 F.Supp. 2d at 77 n.7 ("the terms of the...dental benefits plan explicitly provided that the plans could be changed or cancelled."). Under the terms of the summary plan descriptions (SPDs) for the dental and other medical benefit plans, participants had the right to review all plan documents. (See Response of Defendant NSTAR Electric and Gas Corporation to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment ("NSTAR Response"), par. 8).

Plaintiffs also seek to create the false impression that SPDs were first issued (at least as to employees retiring under the 1997 and 1999 programs) only after employees had decided to retire under those programs. In fact, SPDs containing the same reservation of rights language used in the June 1997 SPD, were regularly issued prior to the announcement of the 1997 program. (See, e.g., NSTAR Statement, pars. 17, 18).[1] These SPDs plainly stated that "[t]he Company reserves the

---

[1] Moreover, Plaintiffs' citation to 29 U.S.C. §1022 is inapposite. For one, Plaintiffs have advanced no claims based on this statute. Moreover, Commonwealth Gas regularly issued SPDs for its health and dental benefit plans which contained the requisite information. (See NSTAR Statement, pars. 15, 17, 18; see also NSTAR Response, par. 7). Other documents provided to employees apprised them of the potential modification or elimination of benefits. (See NSTAR

4

right, subject to the provisions of any collective bargaining agreement, to amend, modify or terminate the [dental] Plan at anytime." (NSTAR Statement, par. 17). Other documents likewise informed employees of the Company's right to discontinue benefits. (See NSTAR Response, par.12 (1999 program); NSTAR Statement, par. 19 (1993 letter from President of Commonwealth Gas)).

The opinions of Plaintiffs' "expert" (Carol Chandor) should be disregarded. NSTAR has filed a motion to exclude Ms. Chandor's report and opinions, for reasons including that expert testimony is not permitted regarding questions of contract or other interpretation which are regularly addressed to courts. (See Defendant's Motion to Prohibit Use of Expert Witness (Carol Chandor) and Strike Expert Report, and in Alternative for Leave to Conduct Deposition, filed March 4, 2005, and supporting memorandum).

Even if considered, Ms. Chandor's opinions are irrelevant. No reasonable factfinder could conclude that the plan documents and SPDs only reserved the right to change insurance policies or carriers. Rather, the reservation of rights clearly extended to the right to "amend, modify or terminate the [dental] Plan at any time." (See NSTAR Statement, pars. 11, 16, 17, 18). Ms. Chandor presumes to take over the role of this Court, and substitute her own judgment for that of this Court in Local 369. Such usurpation should not be allowed.

In sum, the Plaintiffs have shown no basis for disturbing this Court's decision in Local 369. In that decision this Court determined the very same issues presented by the cross-motions for summary judgment in this action. Accordingly, Plaintiffs' motion should be denied, and NSTAR's motion granted.

---

Statement, par. 19).

5

2.   **The Case Law Cited By Plaintiffs Does Not Justify Disturbing This Court's Decision In Local 369.**

While Plaintiffs' memorandum of law cites to numerous opinions, none of them have either been issued subsequent to this Court's decision in Local 369, or provide any support for Plaintiffs' position.

Plaintiffs' citation to United Steelworkers of America, AFL-CIO v. Newman-Crosby Steel, Inc., 822 F. Supp. 862 (D. R.I. 1993) (see Plaintiffs' Brief at 25), is unavailing. Unlike the situation in Newman-Crosby, where the collective bargaining agreement relied upon by plaintiffs did not limit the benefits provided for, the language concerning "lifetime" dental benefits in the benefit summaries here was made subject to the provisions of the plan documents, which authorized the Company to terminate dental benefits. See also Matter of Consolidated Mutual Insurance Company, 77 N.Y.2d 144, 148, 566 N.E.2d 633, 565 N.Y.S.2d 434 (1990), cited by Plaintiffs at 12, in which the employer reserved the right to discontinue "many" plans and benefits; SPDs of Commonwealth Gas specifically reserved rights as to each plan.

Plaintiffs' further citations (at 12) are unpersuasive. Pizzuti v. Polaroid Corp., 985 F.2d 13 (1st Cir. 1993), is a patent infringement action. In GCIU Employer Retirement Fund v. Chicago Tribune Co., 66 F.3d 862 (7th Cir. 1995), the court held that an employer's obligation to make pension contributions expired with a collective bargaining agreement. This issue is not pertinent to the present action.

Plaintiffs' brief makes no attempt to distinguish among the three (3) counts[2] in their Complaint. Nonetheless, Plaintiffs do specifically mention their claim of breach of fiduciary duty

---

[2]On February 28, 2005, Plaintiffs moved to amend the Complaint in order to assert an estoppel claim under state law. NSTAR has not opposed this motion.

under ERISA (which has no state law analogue), and cite to Center v. First International Life Insurance Co., 1997 WL 136473 (D. Mass. 1997), and its discussion of that claim. The court in Center in turn relied upon Varity Corp. v. Howe, 516 U.S. 489 (1996). As the case law has developed since Varity, courts have consistently held that fiduciary duty claims are unavailable absent evidence of an intent to deceive employees, i.e., unavailable when the evidence shows that the information provided was accurate when it was conveyed. (See Memorandum in Support of Defendant's Renewed Motion to Dismiss, and Motion for Summary Judgment, at 16-19). Plaintiffs have identified no evidence of an intent to deceive prospective retirees. Including a reservation of rights in connection with the SPDs for the Company's dental plans is wholly inconsistent with such an intent.

Plaintiffs rely heavily (at 14-15) upon Diehl v. Twin Disc, Inc., 102 F.3d 301 (7th Cir. 1996), but this citation is unpersuasive. As explained in International Union of United Automobile, Aerospace and Agricultural Implement Workers of America, U.A.W. v. Rockford Powertrain, Inc., 350 F.3d 698, 705 (7th Cir. 2003), at issue in Diehl was a collective bargaining agreement which granted certain rights to retirees "notwithstanding any provision of" an "Insurance Agreement" relied upon by the employer. In the present matter, by contrast, the individualized benefit summaries provided to employees retiring under the 1997 and 1999 programs did not state that benefits were furnished "notwithstanding" the "provision(s)" of any documents. In fact, the individualized benefit summaries plainly stated that "the terms of the appropriate plan documents will govern in all cases."

In sum, Plaintiffs' citation to numerous cases -- but not to Local 369 -- represents an apparent attempt to obscure the undisputed fact that this Court has already disposed of the issues raised by the cross-motions. Accordingly, summary judgment for NSTAR is appropriately entered.

7

## C.  Plaintiffs' Purported State Law Claims Of Contract And Estoppel Must Fail.

Plaintiffs argue in the alternative that if ERISA is inapplicable to the 1997 and 1999 retirement programs, then state law contract and estoppel claims are available. Plaintiffs' position is erroneous. Plaintiffs' purported state law estoppel claim is addressed in NSTAR's underlying memorandum of law. (See Memorandum in Support of Defendant's Renewed Motion to Dismiss and Motion for Summary Judgment, at 13-16).

Plaintiffs have not previously asserted a breach of contract claim, and make no argument in support thereof. Nonetheless, it can fairly be surmised that any state law claim for breach of contract would be identical to Count I of the Complaint as amended, alleging breach of plan provisions under ERISA. For the reasons discussed above, and in NSTAR's underlying memorandum of law (at 7-10), no reasonable factfinder could find for Plaintiffs on these claims.

## D.  Conclusion

For all the above reasons, and the reasons set forth in NSTAR's underlying memorandum of law, Plaintiffs' Motion for Summary Judgment should be denied, and NSTAR's Motion for Summary Judgment granted.

Respectfully submitted,

NSTAR ELECTRIC AND GAS CORPORATION

By its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By: _____
Keith B. Muntyan
B.B.O. No. 361380
Robert P. Morris
B.B.O. No. 546052

Dated: April 8, 2005

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on April 8, 2005, I caused to be served a copy of the within pleading by hand on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

_____
Robert P. Morris