UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**LOUIS BALESTRACCI, JEAN
BONVILLE, ANDREW CARR, ROBERT
COMEAU, LEO CONELLY, JR., JOHN
CORCORAN, JR., THOMAS DEARN,
RICHARD ELDREDGE, RICHARD
FLETCHER, BRIAN HAWKESWORTH,
BEAUFORD HUNT, ROBERT LAWRENCE,
JOSEPH LOPES, DAVID MANN, GARY
MEYN, RUSSELL NICKERSON, DIANE
OWENS, ERNEST QUINTIN, DONNA
RENE, JOSEPH SOCHA, STEPHEN
WATTS, and DUNSTAN WHITLOCK,**

   **Plaintiffs,**

           **v.**

**NSTAR ELECTRIC & GAS CORPORATION,**

   **Defendant**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No. 04-11103-EFH

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The briefing on the parties' cross-motions for summary judgment has largely addressed the issues raised by Plaintiffs' Complaint, as amended. However, in light of several erroneous arguments set forth in Plaintiffs' memorandum in opposition to NSTAR Electric and Gas Corporation's ("NSTAR") Motion for Summary Judgment, NSTAR responds briefly as follows:

**1.   This Action Is Governed By This Court's Opinion In Local 369.**

Plaintiffs maintain that this action is not governed by Utility Workers Local 369 v. NSTAR Electric and Gas Corp., 317 F.Supp. 2d 69 (D. Mass. 2004) ("Local 369"). Plaintiffs are mistaken.

Plaintiffs' memorandum opts to ignore sections of the Local 369 opinion in which this Court specifically addressed whether the Personnel Reduction Program ("PRP") of 1997 guaranteed a lifetime of vested health and dental care. Lest there be any doubt, NSTAR once again identifies those sections of this Court's opinion which addressed this issue. See 317 F.Supp. 2d at 74-75, discussing "lifetime" language in benefit summaries used in 1997 and 1999 programs upon which Plaintiffs base their claim; 317 F.Supp. 2d at 76-77, discussing the PRP; and 317 F.Supp. 2d at 77 n.7, discussing reservation of rights language used in PRP.

For all purposes relevant to NSTAR's motion, the 1999 Voluntary Separation Program ("VSP") is indistinguishable from the 1997 PRP. Plaintiffs do not claim otherwise. And as noted in NSTAR's initial memorandum of law in support of its Motion for Summary Judgment (at 5 n.4), several plaintiffs in Local 369 retired under the VSP. In short, this Court's rejection of the very claims advanced by Plaintiffs in this action calls for the entry of summary judgment in NSTAR's favor.

**2.** **Plaintiffs Have Not Called Into Question The Reservation Of Rights Language Relied On By NSTAR.**

Plaintiffs' efforts at avoiding the various reservation of rights language for the 1997 and 1999 retirement programs are unpersuasive. As discussed in the "Response of Defendant NSTAR Electric and Gas Corporation to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment" (par. 8), the documents establishing Commonwealth Energy's retirement programs (which clearly reserve the Company's right to discontinue benefits) were available to employees and retirees. This same right was also specifically referred to in summary plan descriptions, distributed to all employees and retirees. The reservation of rights language in the

summary plan descriptions repeated, for each and every plan, Commonwealth Energy's right to modify or terminate benefits. Plaintiffs retiring under the 1997 and 1999 programs have not claimed that they were covered by a dental plan that did not contain reservation of rights language.[1]

The case law cited by Plaintiffs to support their interpretation of the reservation of rights language in the benefit summaries provided to retiring employees, see Local 369, 317 F. Supp. 2d at 74, offers then no support.  In Hansen v. Continental Insurance Co., 940 F.2d 971 (5th Cir. 1991), the court never considered documents (such as the benefit summaries at issue here) which referred to plan documents reserving the right to modify or discontinue benefits.  By contrast, in International Union of United Automobile, Aerospace, and Agricultural Implement Workers of America, U.A.W. v. Rockford Powertrain, Inc., 350 F.3d 698 (7th Cir. 2003), the plaintiffs relied on a collective bargaining agreement which referred to an "insurance agreement".  The collective bargaining agreement's "incorporation of the Insurance Agreement necessarily incorporated the reservation of rights clause found in the plan documents."  350 F.3d at 705.  Likewise, retiring employees in Rockford Powertrain received "benefit calculation sheets."  These documents did "not attempt to override the terms of the plan description," and specifically referred to "the legal documents applying to the Plan" -- which documents reserved the employer's right to terminate benefits.  See id. at 705.

No basis exists for reaching a different conclusion regarding the 1999 retirement

---

[1] Plaintiffs' assertion (at 5-6) that the plaintiffs in Local 369 based their claims on rights under specific benefit plans once again disregards this Court's opinion, discussed above, concerning the same PRP upon which the Plaintiffs to this action rely.  This Court's rejection of Plaintiffs' position undermines their entire claim.  Certain memoranda of agreement entered into between various unions at Commonwealth Energy and the Company concerning the 1997 and 1999 retirement programs, also cited by Plaintiffs (at 6), are irrelevant.  Plaintiffs to this action were management employees, and such agreements were thus inapplicable to them.

program. The reservation of rights language used in the benefit summaries provided to retiring employees mirrored that used for the 1997 program, and supports the entry of summary judgment on this aspect of Plaintiffs' claim.

**3. Summary Judgment Must Enter For NSTAR On Plaintiffs' Claim For Breach of Fiduciary Duty.**

Plaintiffs take the position (at 10), relative to the 1999 retirement program, that a fiduciary duty claim will lie regardless of the effect of any reservation of rights language, because the statement in the benefit summaries about lifetime dental benefits was "a lie and misrepresentation." Plaintiffs have the burden of creating a triable issue of material fact on this issue, and have failed to do so. As discussed in NSTAR's underlying memorandum of law (at 16-19), there must be evidence that any alleged misrepresentation was made with knowledge of its falsity. The record in this case is devoid of evidence that in either 1997 or 1999, NSTAR and its predecessor knew that dental benefits would be taken away at some future time, but chose to hide that fact. In the absence of this evidence, Plaintiffs' claim for breach of fiduciary duty must fail.

**4. Conclusion**

For all the above reasons, and the reasons set forth in NSTAR's previous memoranda, NSTAR's Motion for Summary Judgment should be granted, Plaintiffs' Motion for Summary Judgment denied, and Plaintiffs' Complaint, as amended, dismissed with prejudice.

        Respectfully submitted,

        NSTAR ELECTRIC AND GAS
        CORPORATION

        By its Attorneys,

        MORGAN, BROWN & JOY, LLP
        200 State Street, 11th Floor
        Boston, MA 02109-2605
        (617) 523-6666

        By:   s/Robert P. Morris
               Keith B. Muntyan
               B.B.O. No. 361380
               Robert P. Morris
               B.B.O. No. 546052

Dated: April 29, 2005

## CERTIFICATE OF SERVICE

      I, Robert P. Morris, certify that on April 29, 2005, I caused to be served a copy of the within pleading by first class mail on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

        s/Robert P. Morris
        Robert P. Morris